STATE, JACOB WEART, EXECUTOR OF MARY E. SISSON, PROSECUTOR, v. MAYOR AND COMMON COUNCIL OF JERSEY CITY.

1. Where the board appointed to revise unpaid assessments in Jersey 'City filed their report in a matter of the assessment for constructing a sewer, and the prosecutor delayed for five years before suing out a writ of *certiorari* to review this assessment, it presents an instance of laches for which the writ should be dismissed.
2. The fact that a writ was allowed with the same matters which are urged for its dismissal, apparent to the justice or court at the time of its allowance, is not a conclusive reason for refusing its dismissal. The degree of consideration which appears to have been given to the matter at the time of making the *allocatur*, will influence the court in considering the propriety of ordering its dismissal, but can never deprive the court of its discretionary right to dismiss at any stage of the cause.

On *certiorari.*

The proceedings under review are included in the returns to two writs of *certiorari*, sued out by the prosecutor, to bring up certain assessments made for the construction of sewers in Jersey City. One writ brings up an assessment for a main sewer in section A, second drainage district, in said city, and the other an assessment for main sewer in section B, second drainage district, in said city.

Argued at June Term, 1879, before Justices SCUDDER, KNAPP and REED.

For the prosecutor, *J. Weart.*

For the defendant, *L. Abbett.*

The opinion of the court was delivered by

REED, J.   The assessments which the prosecutor of these writs attacks, were made upon property not lying upon the street where the main sewer, for the construction of which

these assessments are imposed, was constructed, and no laterals are constructed by which this property can be drained into the main sewer.

It is insisted, upon the authority of the case of *State, Kellogg, pros.*, v. *Elizabeth*, 11 *Vroom* 274, that this property cannot be subjected to these assessments.

There is, however, a preliminary question to be considered, namely, whether, from the lapse of time intervening the assessments and the allowance of these writs, taken in connection with the character of these assessments, the prosecutor should now be permitted to urge his objections against their validity.

The report of the board who made these assessments was made, as to the assessment for section A, on February 26th, 1874, and as to section B, March 10th, 1874.

These writs, to bring up the assessments, were allowed April 26th, 1879.

Time has ever been an important factor in the consideration of courts, when called upon to exercise their discretion in the allowance or dismissal of writs of *certiorari*.

That the passage of time should afford some degree of stability to the acts of municipal corporations is, I think, obvious.

The policy of such a rule is very apparent when applied to those acts which concern the revenues of the city. Within this class of acts are those imposing general taxes, upon which the municipality depends for the means of executing its corporate functions, and the levy of special assessments, for any default or failure in the collection of which the city must respond.

Five years passed from the date when the report of the board was filed until the allowance of these writs. During that time the city has conducted its financial affairs, and provided for its current and future expenses, upon the supposition that it would not be called upon to supply a deficiency caused by the vacation of these assessments. This condition of affairs, when considered in connection with the method in

which these assessments were made, presents an instance where the court should, in the exercise of its discretion, illustrate the maxim, *nam vigilantibus et non dormientibus jura subveniunt.*

It was ruled in the case of *State, Wetmore, pros.*, v. *Elizabeth, ante* 152, that five years' delay in suing out a writ of *certiorari* is such laches as deprives a party of the right to complain that an assessment made under a valid statute, and of which he had legal notice, is in fact excessive.

The allusion to the manner in which these assessments were made, intimates that they differ from ordinary special assessments for local benefits.

These assessments were really re-assessments, or adjustments of former assessments. The board consisted of Judge Haines and Messrs. Williams and Little. They were appointed by this court, by virtue of an act to be found in the laws of 1873, page 442, entitled "An act to revise unpaid assessments in Jersey City." The act was designed to secure an equitable result in the modification and revision of all the unpaid assessments, and so prevent litigation, and cause a speedy payment of such portions of the outstanding assessments as were just.

The act secured to all parties the opportunity of being heard, and conferred upon the board the power to alter or annul any assessment.

On account of the high character of the members of the board, and the object of the statute in directing its organization, this court has felt a reluctance to interfere with the result of their labor.

An allowance of a number of writs designed to test the validity of other assessments made by the same board has been refused, or others allowed have been dismissed. I think these writs should also be dismissed. The practice of the court to dismiss, even where error may be apparent in the proceedings brought up, if the interest of the public is such that the private right is disproportionate to it, is well settled. *People* v. *Supervisors of Allegheny*, 15 *Wend.* 198; *Rutland* v. *Worcester*, 20 *Pick.* 71; *State* v. *Hudson City*, 5 *Dutcher* 115; *State* v. *Anderson*, *Coxe* 318.

It was urged upon the argument that the writ having been allowed, this court would not dismiss it unless some matter appeared now that was not apparent at the time of its allowance. *State, King, pros.,* v. *Manning,* 11 *Vroom* 461 ; *State, Vancleef, pros.,* v. *New Brunswick,* 9 *Vroom* 320.

No rule has been laid down by any court as broad as that stated in the contention of the counsel for the prosecutor. It is undoubtedly true, that whenever it appears that a writ has been allowed after a full consideration of a matter which is afterwards urged as a reason for a dismissal, the fact of such an allowance would be a strong, perhaps a controlling, reason for not reviewing the action of the court in granting the allowance. Where, for an instance, upon return to a rule to show cause why an allowance should not be made, full argument has been heard upon the question of laches, and the court then make the order, it is not probable a court would subsequently allow that matter to be re-opened upon a motion to dismiss. But where the allowance is made upon an *ex parte* application, with none or a hasty and necessarily one-sided presentation of the grounds of the application, less consideration should be given to the act of making the allowance. And again, where the application is made to a judge, and not to the court, and granted, upon the showing that there is a probable legal question involved in the proceedings to be reviewed, as a matter of course, the fact of such an allowance would have still less force in determining the action of the court in dismissing or refusing to dismiss the writ. So, in each case, the manner of the allowance—the consideration then given to the same subject on the motion for dismissal—must control the action of the court in dealing with the latter motion, rather than the fact of the allowance.

In the case of *State, King, pros.,* v. *Manning, supra,* the court was speaking of the allowance in that case, which seems to have been made by the court, and the court say that it is fair to presume that the court, in allowing the writ, considered the importance of the questions raised in connection with the

delay, and having passed upon them the writ will now be retained.

In *State, Vancleef, pros.,* v. *New Brunswick, supra,* the writs were allowed in open court. The court ruled that it was not usual to dismiss when the writs were granted in open court, upon grounds which were before the court, and which must have been determined in allowing the writ. In that case the writs were retained.

In *State, Wetmore, pros.,* v. *Elizabeth, ante* 152, the writ was dismissed, although the prosecutor urged that his land was assessed largely in excess of benefits, on the ground that he was in laches in not sooner applying for his writ, a matter which was as apparent at the time of the allowance as at the time of the hearing.

The exercise of the right to quash writs of *certiorari* has been so frequent, that its existence could with difficulty be questioned in any case at this time. *State* v. *Anderson, supra; State, Vanderbeck, pros.,* v. *Blauvelt,* 5 *Vroom* 261, and line of cases cited on page 263.

The result is, that while the exercise of the discretion of the court will be influenced by the fact that the writ has been allowed, with the same objection urged as a reason for the dismissal, apparent or even urged at the time the writ was allowed, yet the existence of this fact can never deprive the court of its right to exercise its discretion in this regard at any stage of the proceedings.

The present writs were allowed by a justice out of court, and without argument, and even had their allowance received much more consideration I should still consider this a clear case for a dismissal.

It is also urged that laches should not be imputed to the prosecutor, because the proceedings to be reviewed are unconstitutional. The proceedings, however, are not under or by color of an unconstitutional act. The act of 1873 provided a constitutional method of making these assessments. The invalidity of the assessments consists in the fact that the lands assessed are not located on the main sewer street, and

are therefore not benefited in the positive and present degree which the law enjoins. The invalidity of the assessment depends upon a matter of location. It involves a matter of fact just as does an excessive assessment, or a frontage assessment. Neither is the fault of the statute, and all are matters which should be speedily remedied by an appeal to the courts.

The writs should be dismissed, with costs.